UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAPHEL DORROUGH, #868539,

       Petitioner,

                                                  CASE NO. 16-CV-10308
v.                                           HONORABLE MARK A. GOLDSMITH

KATHY OLSON,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Raphel Dorrough ("Petitioner") was convicted of operating a motor vehicle while intoxicated causing death, MICH. COMP. LAWS § 257.625(4), and reckless driving causing death, MICH. COMP. LAWS § 257.626(4), following a jury trial in the Genesee County Circuit Court. He was sentenced to concurrent terms of 86 months to 15 years imprisonment on those convictions in 2013. In his pleadings, Petitioner raises jury-instruction claims. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from an impaired driving accident on June 7, 2011 in Genesee County, Michigan. The Michigan Court of Appeals described the relevant facts, which are

1

presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> During the early morning hours of June 7, 2011, Jaryn Stevens asked his best friend, Larenzo Bradford, for help because Stevens's car had run out of gas. Bradford responded to Stevens's plight, and Stevens got out of his car as Bradford filled the gas tank for him. Bradford noticed a car approaching from behind Stevens's car "faster than normal." Bradford, concerned that the oncoming vehicle was going to hit Stevens's car, told Stevens, "[W]e got to move out of the road." Just as the oncoming car was about to hit Stevens's disabled car, it swerved into the lane where both men were standing, hitting them. Bradford was injured and Stevens was killed.

People v. Dorrough, No. 315763, 2014 WL 5361721, *1 (Mich. Ct. App. Oct. 21, 2014) (unpublished).

At trial, Bradford provided an eyewitness account of the events leading up to the crash. He stated that he could see lights approaching them from a distance but "thought nothing of it." 2/13/2013 Trial Tr., pp, 223-24 (Dkt. 6-8). When he realized that Petitioner's car was traveling faster than normal, he chose to step back toward Stevens's car. Id. at 226. Bradford stated that just before the car hit the back of Stevens's car, it swerved into the curb lane hitting him and Stevens. Id. at 227. Bradford was struck in the left leg; he managed, however, to hobble over to where Petitioner's car had stopped and found Stevens laying in front of the car, near death. Id. at 228-29. Both Bradford and Petitioner called 911, and Bradford remained at Stevens's side until the paramedics arrived. Id. at 232, 234. The paramedic testified that, on arrival, Stevens exhibited no signs of life. Id. at 286. Even so, he tried to resuscitate Stevens using CPR and a cardiac monitor, but Stevens flat-lined at approximately 3:30 a.m. Id. at 285-87.

Medical testimony revealed that at the time of the crash, Petitioner's blood alcohol level was between 0.091 and 0.137. 2/14/2013 Trial Tr., pp. 131-32 (Dkt. 6-9). Petitioner's blood also tested positive for tetahydrocannabinol (THC), a compound found in marijuana, and Alprazolam

(Xanax). Id. at 136, 138. A biochemistry and toxicology expert testified that Petitioner was impaired when he struck the two young men. Id. at 138.

An accident reconstruction expert testified that when he arrived on the scene, Stevens's flashers were still on. 10/17/2012 Trial Tr., p. 8 (Dkt. 6-4). Based on his calculations, Petitioner was traveling approximately 65 miles per hour and he failed to apply the brakes until the very last second before swerving into the two young men. Id. at 11-12. The expert opined that if Petitioner was traveling at the speed limit of 35 miles per hour and had applied his brakes, he would not have hit Stevens. Id. at 55-56. The expert ultimately determined that Petitioner was at fault for the crash and that speed was the main factor. Id. at 62-63.

Following his convictions and sentencing, Petitioner pursued an appeal of right with the Michigan Court of Appeals raising the same claim presented on habeas review. The court denied relief on his claims and affirmed his convictions. Dorrough, 2014 WL 5361721 at *1-5. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which that Court denied in a standard order. People v. Dorrough, 497 Mich. 984, 861 N.W.2d 4 (2015).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I. The trial court violated his Fourteenth Amendment Due Process Clause right by not instructing the jury on contributory negligence.

II. The trial court erred by failing to instruct the jury on the lesser offenses of impaired driving and/or reckless driving.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., sets forth the standard of review that federal courts must use when

considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

8 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559

4

U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.; see also White v. Woodall, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412. Section 2254(d)

"does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

**IV. Analysis**

Petitioner raises two jury instruction claims in his pleadings. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they infected the entire trial, such that the conviction violated due process.

Estelle v. McGuire, 502 U.S. 62, 72 (1991); Henderson v. Kibbe, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury improperly applied the instruction. Binder v. Stegall, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Jones v. United States, 527 U.S. 373, 391 (1999). Generally, the failure to give an instruction on lesser-included offenses does not justify habeas relief. See Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir. 1990). Rather, the failure to instruct must have rendered the trial fundamentally unfair. Cupp v. Naughten, 414 U.S. 141, 147 (1973); Daniels v. Lafler, 501 F.3d 735, 741 (6th Cir. 2007). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. Estelle, 502 U.S. at 71-72.

### A. **Contributory Negligence Claim**

Petitioner first asserts that the trial court erred and violated his due process rights by refusing to instruct the jury on contributory negligence. In particular, he believes that the jury should have determined whether Stevens was grossly negligent in jumping in front of Petitioner's vehicle and whether the alleged gross negligence was an intervening, superseding cause that displaced Petitioner's driving as the proximate cause of Stevens's death. The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained in relevant part:

> A defendant is entitled to have a properly instructed jury consider the evidence against him. People v. Riddle, 467 Mich. 116, 124; 649 N.W.2d 30 (2002). The trial court must instruct the jury not only on all the elements of the charged offense, but also on material issues, defenses, and theories that are supported by the evidence. People v. Anstey, 476 Mich. 436, 453; 719 N.W.2d 579 (2006). The trial court is only required to give an instruction if it is supported by the evidence.

7

People v. McKinney, 258 Mich. App. 157, 163; 670 N.W.2d 254 (2003). "Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights." People v. Milton, 257 Mich. App. 467, 475; 668 N.W.2d 387 (2003).

Causation is an issue for the finder of fact. People v. McKenzie, 206 Mich. App. 425, 431; 522 N.W.2d 661 (1994). "In criminal jurisprudence, the causation element of an offense is generally comprised of two components: factual cause and proximate cause." People v. Schaefer, 473 Mich. 418, 435; 703 N.W.2d 774 (2005), modified on other grounds by People v. Derror, 475 Mich. 316 (2006). A defendant's conduct is a factual cause of an injury if the injury would not have occurred but for the defendant's conduct. Schaefer, 473 Mich. at 436. For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a direct and natural result of the defendant's actions. Id. In determining whether proximate causation exists, "it is necessary to examine whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken." Id. at 436–437. "The standard by which to gauge whether an intervening cause supersedes, and thus severs the causal link, is generally one of reasonable foreseeability." Id. at 437.

"Proximate causation 'is a legal construct designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural.'" People v. Feezel, 486 Mich. 184, 195; 783 N.W.2d 67 (2010), quoting Schaefer, 473 Mich. at 436. "Ordinary negligence is considered reasonably foreseeable, and it is thus not a superseding cause that would sever proximate causation." Id. Gross negligence is "more than an enhanced version of ordinary negligence" and means " 'wantonness and disregard of the consequences which may ensue....'" Id., quoting People v. Barnes, 182 Mich. 179, 198; 148 N.W. 400 (1914).

The contributory negligence instruction requested by defendant, CJI2d 16.20, provides: "If you find that [the deceased] was negligent, you may only consider that negligence in deciding whether the defendant's conduct was a substantial cause of the accident." Both crimes for which defendant was charged contain an element of causation. The court instructed the jury according to CJI2d 15.11, operating while intoxicated causing death, and specifically recited the causation element relevant to the issue:

> Fifth, that the <u>defendant's operation of the vehicle caused the victim's death</u>. To "cause" the victim's death, the defendant's operation of the vehicle must have been <u>a factual cause</u> of the death, that is, <u>but for the defendant's operation of the vehicle the death would not have occurred</u>. In addition, operation of the vehicle must have been <u>a proximate cause of death</u>, that is, death or serious

8

> injury must have been <u>a direct and natural result of operating the vehicle</u>. [Emphasis added.]

Likewise, the court instructed the jury according to CJI2d 15.16, reckless driving causing death, including the causation requirement of that offense:

> Third, that the <u>defendant's operation of the vehicle caused the victim's death</u>. To "cause" the victim's death, the defendant's operation of the vehicle must have been <u>a factual cause</u> of the death, that is, <u>but for the defendant's operation of the vehicle the death would not have occurred</u>. In addition, operation of the vehicle must have been <u>a proximate cause of death</u>, that is, death or serious injury must have been a <u>direct and natural result of operating the vehicle</u>. [Emphasis added.]

Stevens's alleged contributory negligence was only relevant, if at all, to the issue of whether defendant's driving was a proximate cause of Stevens's death. The record shows that Stevens remained inside his disabled car until Bradford arrived with the gasoline necessary to get the vehicle running again. Stevens got out of the car as Bradford filled the gas tank for him. When Bradford noticed defendant's car approaching from behind at a high rate of speed, Bradford told Stevens, "[W]e got to move out of the road." This statement was presumably made with great urgency. The record shows that, while Bradford sought protection from Stevens's car, Stevens "made a run for it" in reaction to the imminent danger.

Applying the reasoning of <u>Feezel</u> and <u>Schaefer</u> to the facts of this case, it is clear that the factual cause of Stevens's death was defendant's conduct, because the death would not have occurred but for defendant's driving. <u>Schaefer</u>, 473 Mich. at 436. In addition, Stevens's death was the direct and natural result of defendant's driving; therefore, defendant's driving constituted the proximate cause of Stevens's death as well. <u>Id.</u> Even viewing the evidence in a light most favorable to defendant, reasonable minds could not logically conclude that Stevens's actions, in attempting to flee the imminent danger posed by defendant's rapidly approaching vehicle, were grossly negligent or in "wanton disregard of the consequences." To the contrary, Stevens was reacting to Burton's warning and likely his own perception of the danger when he tried to avoid it. Thus, Stevens's actions were not a superseding, intervening cause sufficient to break the causal chain between defendant's conduct and Stevens's death, <u>Schaefer</u>, 473 Mich. at 438, and did not support the requested contributory-negligence jury instruction. And even if Stevens's actions could be viewed as rising to the level of ordinary negligence, those actions were reasonably foreseeable by defendant under the circumstances and accordingly not a superseding cause that would sever proximate causation. <u>Feezel</u>, 486 Mich. at 193, citing <u>Schaefer</u>, 473 Mich. at 437–438. Because the record does not show that the actions of Stevens rose to the level of gross negligence, as is required to constitute an intervening, superseding cause sufficient

to break the causal chain, the trial court properly declined to give the contributory negligence instruction.

Dorrough, 2014 WL 5361721 at *1-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner challenges the jury instructions under state law, he is not entitled to habeas relief. See Pulley v. Harris, 465 U.S. 37, 41 (1984). It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005). State courts are the final arbiters of state law and federal courts generally will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Second, Petitioner fails to establish that an instruction on contributory negligence was warranted as a matter of due process. The United States Supreme Court has not clearly established a constitutional right to have a jury instructed on a defense theory at a criminal trial. While a defendant "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor" as a matter of federal criminal procedure, Mathews v. United States, 485 U.S. 58, 63 (1988), such a right is not constitutionally guaranteed. Therefore, the Michigan Court of Appeals' ruling cannot be contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. See Lopez v. Smith, 135 S. Ct. 1, 4 (2014); Carey v. Musladin, 549 U.S. 70, 77 (2006); Phillips v. Million, 374 F.3d 395, 397-398 (6th Cir. 2004).

Nonetheless, even assuming that a criminal defendant has a constitutional right to an instruction on a defense theory supported by sufficient evidence, Petitioner cannot prevail on this

claim. Petitioner has not met his burden of showing, by clear and convincing evidence, that the evidence at trial supported a contributory-negligence instruction. See Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). The record indicates that when Stevens ran out of gas, he put on his flashers and called Bradford for help. As they were putting gas in the car, Petitioner's vehicle came speeding toward them. Contrary to Petitioner's claim that Stevens "jumped in front of his car," the trial testimony indicated that Bradford saw Petitioner's car coming toward Stevens' car, that he yelled out a warning, and that he and Stevens were running toward safety when Petitioner swerved into the lane closer to the curb and struck them. The testimony also showed that Petitioner was under the influence of drugs and alcohol and was driving at a relatively high rate of speed at the time of the crash. There was no evidence that Stevens acted in a grossly negligent manner or in wanton disregard of the consequences such that his actions were an intervening, superseding cause of the accident. Rather, the evidence showed that the accident and Stevens's death were the result of Petitioner's impaired and reckless driving. A contributory negligence instruction was not required under state or federal law. Moreover, the trial court properly instructed the jury on the elements of the charged offenses, including causation. Such instructions were sufficient to satisfy due process. Petitioner fails to establish that the jury instructions, considered as a whole, rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### B.     Lesser Offenses Claim

Petitioner also asserts that the trial court erred by failing to instruct the jury on the lesser offenses of impaired driving and/or reckless driving. The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained:

> Whether an offense is a lesser-included offense is a question of law that this Court reviews de novo. People v. Heft, 299 Mich. App. 69, 73; 829 N.W.2d 266 (2012).

"[A] trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." Gillis, 474 Mich. at 113. Whether instructional error violates a defendant's constitutional rights is a question of law that this Court reviews de novo. Heft, 299 Mich. App. at 73.

The trier of fact may find a defendant guilty of a lesser offense if the lesser offense is necessarily included in a greater offense. Heft, 299 Mich. App at 73. To be a lesser included offense, the elements necessary for commission of the greater offense must subsume the elements necessary for commission of the lesser offense. Id. The elements of the lesser offense are subsumed when all the elements of the lesser offense are included in the greater offense. Id. If the trial court does not instruct the jury on a lesser included offense, the error requires reversal if the evidence at trial clearly supported the instruction. Id. "However, the trier of fact may only consider offenses that are 'inferior to the greater offense charged.' The trier of fact may not consider cognate offenses." Heft, 299 Mich. App. at 74, citing People v. Cornell, 466 Mich. 335, 354–355; 646 N.W.2d 127 (2002). Cognate offenses share several elements, and are of the same class or category as the greater offense, but the cognate lesser offense has some elements not found in the greater offense. People v. Mendoza, 468 Mich. 527, 532 n. 4; 664 N.W.2d 685 (2003).

A requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. Cornell, 466 Mich. at 357. To be supported by a rational view of the evidence, a lesser included offense must be justified by the evidence. People v. Steele, 429 Mich. 13, 20; 412 N.W.2d 206 (1987), overruled in part on other grounds by Cornell, 466 Mich. at 335. Proof of an element differentiating the two crimes must be in dispute sufficiently to allow the jury to consistently find the defendant not guilty of the charged offense but guilty of the lesser offense. Steele, 429 Mich. at 20; Heft, 299 Mich. App. at 77.

Defendant was charged with operating a vehicle while intoxicated causing death, MCL 257.625(4), which is made up of the following elements:

> (1) the defendant was operating his or her motor vehicle in violation of MCL 257.625(1), (3), or (8); (2) the defendant voluntarily decided to drive, knowing that he or she had consumed an intoxicating agent and might be intoxicated; and (3) the defendant's operation of the motor vehicle caused the victim's death. [Schaefer, 473 Mich. at 434.]

The lesser offense of operating a vehicle while intoxicated, MCL 257.625(1), is made up of the following elements:

> (1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or

> generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means either of the following:
>
> (a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance or other intoxicating substance.
>
> (b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2018, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

See also Bloomfield Twp v. Kane, 302 Mich. App. 170, 182; 839 N.W.2d 505 (2013).

Defendant was also charged with reckless driving causing death, which requires that (1) the defendant operates a motor vehicle "in willful or wanton disregard for the safety of persons or property," and (2) the defendant's operation "causes the death of another person." MCL 257.626(4); see also People v. Jones, 302 Mich. App. 434, 439; 839 N.W.2d 51 (2013). To be convicted of reckless driving, a defendant must have operated a vehicle with "willful or wanton disregard for the safety of persons or property." MCL 257.626(1). The language of the misdemeanor reckless driving offense is identical to the more serious offense of reckless driving causing death, except for the "causing death" element.

Defendant requested that the trial court instruct the jury on the crimes of operating while intoxicated, CJI2d 15.1, and reckless driving, CJI2d 15.15, as necessarily included lesser offenses. We agree that operating a motor vehicle while intoxicated is a necessarily included lesser offense of operating a motor vehicle while intoxicated causing death, and that reckless driving is a necessarily included lesser offense of reckless driving causing death. See Heft, 299 Mich. App. at 73. However, we cannot conclude that the trial court abused its discretion by declining to give the requested instructions because, as the trial court observed, they were not supported by a rational view of the evidence:

> Since the evidence is overwhelming that the deceased died as a result of being struck by the motor vehicle in this case—there is definitely a death. He was struck by a motor vehicle. There is no evidence other than that this defendant is the one driving the motor vehicle, the Nissan, at the time. I think a rational view of the evidence does not support the lesser includeds.

> The record supports the court's finding in this regard and we perceive no error. The "causing death" element, which differentiated the charged offenses from the lesser offenses in question, was not sufficiently in dispute to allow the jury to find defendant not guilty of the charged offenses but guilty of the lesser offenses. Steele, 429 Mich. at 20; Heft, 299 Mich. App at 77. The trial court did not err by determining that the requested instructions were not supported by a rational view of the evidence. Cornell, 466 Mich. at 357.

Dorrough, 2014 WL 5361721 at *3-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts that the Michigan Court of Appeals erred as a matter of state law, he merely asserts a violation of state law which does not warrant federal habeas relief. See discussion supra.

Second, Petitioner fails to establish a violation of his federal constitutional rights. The United States Supreme Court has declined to determine whether due process requires jury instructions on lesser included offenses in non-capital cases. Beck v. Alabama, 447 U.S. 625, 638 n. 14 (1980). In Hopper v. Evans, 456 U.S. 605, 611 (1982), the Supreme Court ruled that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it. The Sixth Circuit has interpreted Beck to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir. 2001) (citing Bagby v. Sowders, 894 F.2d 792, 795-97 (6th Cir.1990) (en banc)); see also, e.g., Parker v. Burt, 595 F. App'x 595, 605 (6th Cir. 2015). Neither operating a vehicle while intoxicated causing death nor reckless driving causing death are capital offenses. Consequently, the lesser offense instructions were not constitutionally required. Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

## V. **Conclusion**

For the reasons stated, the Court concludes that Petitioner's claims lack merit and that he is not entitled to federal habeas relief. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims. Accordingly, the Court denies a certificate of appealability. The Court also denies leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See FED. R. APP. P. 24(a). This case is closed.

SO ORDERED.

Dated: November 15, 2017      s/Mark A. Goldsmith
Detroit, Michigan     MARK A. GOLDSMITH
    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2017.

    s/Karri Sandusky
    Case Manager